DONOVAN, SECRETARY OF LABOR, ET AL. *v.*
RICHLAND COUNTY ASSOCIATION FOR
RETARDED CITIZENS

No. 81–255.   Decided January 11, 1982

PER CURIAM.

Appellee brought this action against officials of the United States Department of Labor seeking a declaratory judgment that the Fair Labor Standards Act does not apply to employees of the Sidney Group Home, a mental health facility operated by appellee.   In the alternative, appellee sought a declaration that an application of the Act to the Home would be unconstitutional.   The United States District Court for the District of Montana held that "[t]he Fair Labor Standards Act is unconstitutional as applied to the plaintiff Association in its operation of the Sidney Group Home."   App. to Juris. Statement 26a.   The federal officials appealed this decision to the Court of Appeals, which affirmed.   *Id.*, at 1a.   The Government has now filed an appeal from that decision of the Court of Appeals.

Pursuant to 28 U. S. C. § 1252, appellants could have filed a direct appeal to this Court from the decision of the District Court.[1]   This right to pursue a direct appeal to this Court

---

[1] "Any party may appeal to the Supreme Court from an interlocutory or final judgment, decree or order of any court of the United States . . . hold-

also served to deprive the Court of Appeals of jurisdiction, however, for 28 U. S. C. § 1291 provides that "[t]he courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . except where a direct review may be had in the Supreme Court." Since the Court of Appeals lacked jurisdiction in this case, its judgment and opinion must be vacated.[2]

In addition, the appeal filed from the decision of the Court of Appeals must be dismissed. Appellants' proper course of conduct was to file a direct appeal from the decision of the District Court. At this time, however, such relief is foreclosed by 28 U. S. C. § 2101(a).

We decline appellants' request that we remand this matter to the District Court for entry of a fresh decree from which a timely appeal might be taken. Although the complexities of litigation involving three-judge district courts made it appropriate to relieve certain appellants from the consequences of a misapplication of that somewhat arcane jurisprudence, as the cases cited in JUSTICE POWELL's separate opinion demonstrate, that rationale has no application to appellants' simple

---

ing an Act of Congress unconstitutional in any civil action, suit, or proceeding to which the United States or any of its agencies, or any officer or employee thereof, as such officer or employee, is a party." 28 U. S. C. § 1252.

[2] The Court of Appeals actually entered two separate decisions in this case. In the judgment sought to be reviewed, the court affirmed the decision of the District Court holding the Fair Labor Standards Act unconstitutional as applied to the Sidney Group Home. After appellants had filed their notice of appeal in this case—and indeed after appellants had filed their jurisdictional statement in this Court—the Court of Appeals *sua sponte* recalled its earlier opinion and entered a new judgment *reversing* the District Court. *Richland County Assn.* v. *Marshall*, 660 F. 2d 388 (1981). The filing of the notice of appeal clearly divested the Court of Appeals of any jurisdiction that it otherwise had to decide the merits of this case.

failure in this case to follow the clear commands of 28 U. S. C. § 1252 and 28 U. S. C. § 1291.[3]

*Judgment vacated and appeal dismissed.*

JUSTICE POWELL, with whom JUSTICE BLACKMUN joins, concurring in part and dissenting in part.

I concur in the Court's decision to vacate the judgment and opinion of the Court of Appeals. But I would not simply dismiss the Government's appeal. Rather I would remand the matter to the District Court for entry of a fresh decree from which a timely appeal might be taken. This is the course

---

[3] On the basis of the decision in *McLucas* v. *DeChamplain,* 421 U. S. 21 (1975), appellants contend that any defect in the jurisdiction of the Court of Appeals does not deprive this Court of jurisdiction under 28 U. S. C. § 1252. Appellants' reliance on *McLucas,* however, is misplaced. In that case, the Court held that it had jurisdiction under § 1252 to consider a direct appeal taken from a decision of a district court, even though the district court lacked jurisdiction because a three-judge district court should have been convened. The Court noted that the purpose of § 1252 was "to afford immediate review in this Court in civil actions to which the United States or its officers are parties and thus will be bound by a holding of unconstitutionality." 421 U. S., at 31. To effectuate this statutory purpose, the Court held that immediate review was available; it was not necessary to vacate the decision of the district court and remand the case for further proceedings by a three-judge court.

In contrast, appellants do not contend that the District Court in the instant case lacked jurisdiction over this controversy. Rather than pursue their right to immediate review in this Court, however, appellants obtained an intermediate decision from a Court of Appeals that had no power to consider this case. In so doing, they failed to pursue timely the right to immediate review conferred by § 1252. The fact that the Court of Appeals also held that the Act was unconstitutional does not resurrect the right created by § 1252 that had lapsed by appellants' action. This case is the antithesis of *McLucas;* a recognition of jurisdiction would permit needless delay in securing Supreme Court review of a decision holding a federal statute unconstitutional. We cannot believe that Congress intended § 1252 to serve such a function.

customarily followed by the Court in cases such as this. See *Query* v. *United States*, 316 U. S. 486 (1942); see also *Gonzalez* v. *Employees Credit Union*, 419 U. S. 90 (1974); *United States* v. *Christian Echoes Ministry*, 404 U. S. 561 (1972); *Board of Regents of University of Texas System* v. *New Left Education Project*, 404 U. S. 541 (1972); *Mitchell* v. *Donovan*, 398 U. S. 427 (1970); *Moody* v. *Flowers*, 387 U. S. 97 (1967). Title 28 U. S. C. § 1252 is designed to expedite review by this Court, not defeat it. Because review in this case has been unnecessarily delayed, the Court reasons that "a recognition of jurisdiction would permit needless delay in securing Supreme Court review of a decision holding a federal statute unconstitutional." *Ante*, at 391, n. 3. But just because this case already has been delayed too long does not require that we should compound the error by leaving the case in a posture defeating all review.

An Act of Congress has been held unconstitutional. I cannot believe that Congress intended § 1252 to serve the function of blocking review in this Court in these circumstances. Because the Court's disposition defeats the fundamental purpose of § 1252, I dissent.