UNITED STATES of America, Plaintiff–Appellant,

v.

Rudolph HENDERSON, et al., Defendants–Appellees.

Nos. 87–1298, 87–2752 to 87–2756.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 18, 1987.

Withdrawn from Submission Jan. 5, 1988.

Resubmitted April 12, 1988.

Decided April 15, 1988.

Doron Weinberg, Nina Wilder, Lynne S. Coffin, Larson & Weinberg, San Francisco, Cal., Penelope M. Cooper, Cristina Arguedas, Ted Cassman, Cooper and Arguedas, A.J. Kutchins, Berkeley, Cal., for defendants-appellees.

Ephraim Margolin, San Francisco, Cal., Neal R. Sonnett, Benedict P. Kuehne, Sonnett Sale and Kuehne, P.A., Miami, Fla., for amicus curiae, The Nat. Ass'n of Criminal Defense Lawyers.

Before FLETCHER, WIGGINS and NOONAN, Circuit Judges.

FLETCHER, Circuit Judge:

The government appeals an order by the district court exempting "reasonable attorneys' fees" from those assets which may be seized by the government pursuant to the civil forfeiture provisions of 21 U.S.C. § 881. The district court held the statute unconstitutional as applied to reasonable attorneys' fees. For the reasons set forth below, we dismiss this appeal.

## BACKGROUND

On May 31, 1987, defendant Rudolph Henderson was arrested with several others on allegations of participation in an extensive conspiracy to distribute cocaine. Henderson was arraigned on June 8, 1987, and is currently being detained. At the time of the defendants' arrest, the government served a number of search and seizure warrants throughout the San Francisco Bay Area. Three residences, 25 vehicles, and $325,000 in cash have since been seized. On June 12, 1987, the government filed complaints for forfeiture under 21 U.S.C. § 881(a)(6) and (7), asserting that the seized assets are traceable to Rudolph Henderson's alleged drug trafficking activities.

Defendant moved for the exemption of reasonable attorneys' fees from the seized assets. The district court agreed with defendant's contention that the forfeiture

Joseph P. Russoniello, U.S. Atty., Sanford Svetcov, Asst. U.S. Atty., San Francisco, Cal., for plaintiff-appellant.

statute was unconstitutional as applied to reasonable attorneys' fees. The court determined that reasonable, bona fide attorneys fees of $500,000 for pretrial work would be exempted from defendants' assets, and that an additional $17,500 would be exempted for each week of trial.

■ The Government filed its notice of appeal to this court on October 7, 1987. Although we do not disagree with the government that the district court's order is an appealable "collateral order," *see Flanagan v. United States,* 465 U.S. 259, 265 & n. 3, 104 S.Ct. 1051, 1054–55 & n. 3, 79 L.Ed.2d 288 (1984),[1] we conclude that we nevertheless lack jurisdiction over this appeal, for reasons that were not brought to the court's attention until after the case was submitted for decision.

## DISCUSSION

■ 28 U.S.C. § 1252 provides:

Any party may appeal to the Supreme Court from an interlocutory or final judgment, decree or order of any court of the United States ... holding an Act of Congress unconstitutional in any civil action, suit or proceeding to which the United States ... is a party.

Despite the permissive phrasing, the Supreme Court has held that § 1252 is mandatory. *Donovan v. Richland Co. Ass'n for Retarded Citizens,* 454 U.S. 389, 390, 102 S.Ct. 713, 714, 70 L.Ed.2d 570 (1982) (per curiam). Under 28 U.S.C. § 1291, the courts of appeals have jurisdiction over appeals from final decisions "except where a

direct review may be had in the Supreme Court." Where § 1252 applies, the appeal from the district court's order must be taken directly to the Supreme Court, and the court of appeals lacks jurisdiction. *Id.*

■ The district court order from which the government appeals held 21 U.S.C. § 881 unconstitutional as applied to reasonable attorneys' fees. The question before this court, then, is whether a civil forfeiture action under 21 U.S.C. § 881 is a "civil action, suit or proceeding" within the meaning of § 1252. The government argues that, notwithstanding the "civil" characterization of 21 U.S.C. § 881, the action before us is not civil in nature because (1) the civil forfeiture was undertaken in connection with a criminal case; and (2) civil forfeitures are "quasi-criminal" in nature. Thus, the government argues, § 1252 should not apply. We are not persuaded by either argument.

Although the civil forfeiture provision of § 881 may be used, as in this case, in conjunction with a criminal prosecution, there is no requirement that the government do so. *See United States v. Dunn,* 802 F.2d 646, 647 (2nd Cir.1986), *cert. denied,* — U.S. —, 107 S.Ct. 1568, 94 L.Ed.2d 760 (1987) (civil forfeiture may be sought after unsuccessful criminal prosecution). Congress, in enacting the Comprehensive Forfeiture Act of 1984, Pub.L. 98–473, 98 Stat. 2050, intended to retain civil forfeiture as an alternative available to prosecutors that is procedurally independent of the criminal action. *See* S.Rep. No.

---

1. An appealable collateral order "must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978). The district court's order, that assets earmarked for reasonable attorneys' fees are constitutionally exempt from pre-conviction seizure, conclusively determines that question. The issue, of obvious importance, is separate from the questions of Henderson's guilt and the susceptibility of the assets to forfeiture. *See Cohen v. Beneficial Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949).

Finally, this issue would be unreviewable on direct appeal from the criminal proceeding.

The district court's order allows Henderson to pay his lawyers out of the seized assets. Once the payment is made, i.e., once the *res* of the forfeiture action is distributed, the district court loses jurisdiction over the *res* and, consequently, this court is stripped of jurisdiction to consider the issue. *United States v. $57,480.05,* 722 F.2d 1457, 1459 (9th Cir.1984). Although the government may be able to institute a successful *in rem* forfeiture proceeding if Henderson is convicted, *see United States v. 1980 Red Ferrari,* 827 F.2d 477 (9th Cir.1987), the issue in such a case would be *post* conviction, rather than *pre* conviction, forfeiture. Thus, the district court's order is an appealable collateral order. *Cohen, supra.*

225, 98th Cong., 1st Sess. 191, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3374, 3376, 3381; *see also Dunn,* 802 F.2d at 647. Because the civil forfeiture is a procedure independent from the criminal prosecution, it should not be considered a criminal action simply because there is a pending, related prosecution. The fact that only the civil forfeiture exemption order is before us on appeal lends support to this conclusion. Indeed, as the Government has forcefully argued to us, a civil forfeiture is an *in rem* action, giving the court jurisdiction only over the *res,* and not over the defendant personally. *See United States v. $57,480.05,* 722 F.2d 1457, 1458 (9th Cir. 1984) (once the *res* of a civil forfeiture action is distributed or paid out, district court loses jurisdiction).

We conclude that a civil forfeiture action is civil in nature for purposes of § 1252. *Cf. United States v. One Assortment of 89 Firearms,* 465 U.S. 354, 363, 104 S.Ct. 1099, 1105, 79 L.Ed.2d 361 (1984) ("In contrast to the *in personam* nature of criminal actions, actions *in rem* have traditionally been viewed as civil proceedings ..."). Although civil forfeiture actions have been held "quasi-criminal" insofar as certain fourth and fifth amendment safeguards for the accused apply, *see Plymouth Sedan v. Pennsylvania,* 380 U.S. 693, 697, 85 S.Ct. 1246, 1249, 14 L.Ed.2d 170 (1965); *United States v. One Mercedes Benz,* 708 F.2d 444, 448 (9th Cir.1983), this characterization of a civil forfeiture is the exception, rather than the rule. The Supreme Court has refused to broaden the criminal characterization of civil forfeiture to encompass a wider range of constitutional protections. *See One Assortment of 89 Firearms,* 465 U.S. at 362–63, 104 S.Ct. at 1104–05 (civil forfeiture not deemed criminal action for double jeopardy purposes); *Calero–Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 686–87, 94 S.Ct. 2080, 2093–94, 40 L.Ed.2d 452 (1974) (civil forfeiture scheme not unconstitutional because of its applicability to prop-

erty interest of innocents). This court has characterized 21 U.S.C. § 881 as "predominantly civil," so that Congress could constitutionally impose the civil "preponderance" burden of proof on the claimant in civil forfeitures. *United States v. One 1970 Pontiac GTO 2–Door Hardtop,* 529 F.2d 65, 66 (9th Cir.1976).

No policy reasons have been suggested to us and we see none to characterize a civil forfeiture proceeding under 21 U.S.C. § 881 as quasi-criminal in order to exempt a constitutional challenge to the statute from mandatory Supreme Court review under 28 U.S.C. § 1252. Our conclusion that a civil forfeiture proceeding is a "civil action, suit or proceeding" within the meaning of § 1252 is strengthened by cases which have applied § 1252 to nominally civil actions attacking the constitutionality of criminal prosecutions or convictions. *See McLucas v. DeChamplain,* 421 U.S. 21, 30–31, 95 S.Ct. 1365, 1371, 43 L.Ed.2d 699 (1975) (finding jurisdiction under § 1252 to hear appeal from district court injunction against criminal court-martial prosecution); *Parker v. Levy,* 417 U.S. 733, 742 & n. 10, 94 S.Ct. 2547, 2555 & n. 10, 41 L.Ed.2d 439 (1973) (§ 1252 applied to habeas appeal from court-martial conviction); *Reid v. Covert,* 351 U.S. 487, 489, 76 S.Ct. 880, 881, 100 L.Ed. 1352 (1956) *rev'd on other grounds on reh'g,* 354 U.S. 1, 77 S.Ct. 1222, 1 L.Ed.2d 1148 (1957) (same).

## CONCLUSION

Because the district court's order should have been appealed directly to the Supreme Court, 28 U.S.C. § 1252, we dismiss the government's appeal for lack of jurisdiction.[2]

---

**2.** The government has suggested that this court has the "option" of vacating the district court's order and remanding to allow the entry of a new order from which a timely appeal can be taken to the Supreme Court. Although we re-

gret that the government may be deprived of an appeal in this case, no such option exists. The Supreme Court rejected precisely the same suggestion in *Donovan,* 454 U.S. at 390, 102 S.Ct. at 714.