William F. NETSKY, as Executor of the Estate of Frank W. Netsky, Deceased,

v.

UNITED STATES of America, Appellant.

No. 86–1616.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6)

July 16, 1987.

Resubmitted Under Third Circuit Rule 12(6)

Aug. 29, 1988.

Decided Oct. 12, 1988.

As Amended Nov. 8, 1988.

Roger M. Olsen, Asst. Atty. Gen., Michael L. Paup, Ernest J. Brown, Tax Div., Dept. of Justice, Washington, D.C. (Edward S.G. Dennis, Jr., U.S. Atty., Philadelphia, Pa., of counsel), for appellant.

Morris L. Weisberg, Ian M. Comisky, Samuel N. Rabinowitz, Blank, Rome, Comisky & McCauley, Philadelphia, Pa., for appellee.

Before SLOVITER, STAPLETON and HUNTER, Circuit Judges.

OPINION OF THE COURT

SLOVITER, Circuit Judge.

The only open issue on this appeal is whether this court has jurisdiction to decide the merits of this claim regarding liability for estate taxes in excess of one million dollars which were indisputably owed to the United States. The appellee contends that this matter falls within the exclusive jurisdiction of the United States Supreme Court, to which the government did not timely appeal.

I.

*Facts*

William Netsky (Netsky), executor of the estate of Frank Netsky who died testate on August 18, 1981, filed a United States Estate Tax Return, Form 706, on May 18, 1982 which included in the estate $2,900,-000 in public housing agency obligations (Project Notes). Netsky paid tax due out of the estate in the amount of $1,378,547.76 and subsequently paid a $38,212.96 defi-

ciency assessed by the Internal Revenue Service on April 24, 1984.

Netsky then filed an administrative claim for a refund of $1,233,739.89 on the grounds that the Project Notes should not have been included as property of the decedent's gross estate for valuation purposes. The Internal Revenue Service denied Netsky's claim for a refund, and, after exhausting his administrative remedies, Netsky filed this action in 1985.

The district court upheld Netsky's claim, ruling that section 11(b) of the 1974 amendments to the United States Housing Act of 1937, Pub.L. No. 93–383, 88 Stat. 653, 667 (1974) (codified as amended at 42 U.S.C. § 1437i(b) (1982)) expressed Congress' "clear and strong intent" to make Project Notes such as those at issue here exempt from estate tax. *Netsky v. United States*, 652 F.Supp. 783, 784 (E.D.Pa.1986). In so holding, the district court also rejected the government's claim that section 641 of the Deficit Reduction Act of 1984, Pub.L. No. 98–369, 98 Stat. 494, 939, which specifically made Project Notes estate-taxable where the decedent died, a gift was made, or a transfer was made on or after June 19, 1984, applied retroactively to Netsky. *Id.* at 785.

The government appealed to this court. Because the issue of the estate tax status of Project Notes was then pending in the Supreme Court, we held the appeal in abeyance. Thereafter, in *United States v. Wells Fargo Bank*, ⸺ U.S. ⸺, 108 S.Ct. 1179, 99 L.Ed.2d 368 (1988), the Supreme Court squarely decided all substantive issues against the taxpayer by holding that Congress never intended to exempt Project Notes from estate taxation.

However, Netsky had filed and there remains pending a motion to dismiss the appeal in this court for lack of jurisdiction. It is Netsky's position that this court lacks jurisdiction over the government's appeal because direct review by the Supreme Court was available. We turn to that question.

## II.

### *Jurisdiction*

Under 28 U.S.C. § 1291 (1982), "[t]he courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States ... *except* where a direct review may be had in the Supreme Court." (emphasis added).[1] Netsky claims that direct review was available by virtue of 28 U.S.C. § 1252 (1982) and that therefore we have no jurisdiction. *See Heckler v. Edwards*, 465 U.S. 870, 877, 104 S.Ct. 1532, 1536, 79 L.Ed.2d 878 (1984) (Court of Appeals without jurisdiction if party has right to pursue direct appeal to Supreme Court under 28 U.S.C. § 1252); *Donovan v. Richland County Ass'n for Retarded Citizens*, 454 U.S. 389, 102 S.Ct. 713, 70 L.Ed.2d 570 (1982) (same).

Section 1252 provides that "[a]ny party may appeal to the Supreme Court from an interlocutory or final judgment, decree or order of any court of the United States ... holding an Act of Congress unconstitutional in any civil action, suit, or proceeding to which the United States ... is a party."[2] Thus our disposition must depend on the availability to the government in this case of a direct appeal to the Supreme Court under section 1252.

> Any party may appeal to the Supreme Court from an interlocutory or final judgment, decree or order of any court of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam and the District Court of the Virgin Islands and any court of record of Puerto Rico, holding an Act of Congress unconstitutional in any civil action, suit, or proceeding to which the United States or any of its agencies, or any officer or employee thereof, as such officer or employee, is a party.

1. The text of 28 U.S.C. § 1291 provides, in pertinent part:
   The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court.

2. The text of 28 U.S.C. § 1252 provides, in pertinent part:

In order for a direct appeal to lie under section 1252, four elements must be present. *See Heckler,* 465 U.S. at 877, 104 S.Ct. at 1537. Three are clearly met: the appeal is from a court of the United States; the United States is a party; and the proceedings are civil. The parties dispute only whether the district court's order held an Act of Congress unconstitutional.

Each party in the district court had moved for summary judgment. The taxpayer pressed its claim that the Project Notes were exempt from estate taxation under section 11(b) of the 1974 amendments to the Housing Act of 1937, citing *Haffner v. United States,* 585 F.Supp. 354 (N.D.Ill.1984), *aff'd,* 757 F.2d 920 (7th Cir. 1985), which had so ruled. The government argued that section 641 of the Deficit Reduction Act of 1984, which eliminated the purported estate tax exemption effective June 19, 1984, applied retroactively and therefore foreclosed refunds to those persons, such as this taxpayer, who had already paid the estate tax on Project Notes. The taxpayer retorted that if so construed the statute would be unconstitutional.

In its opinion finding for the taxpayer, the district court specifically based its holding that the estate was not liable for estate tax on the Project Notes on its conclusion that section 641 did not apply retroactively. The court stated that, "I do not accept the defendant's argument that the act should apply to refund claims filed before June 19, 1984. Neither the language of the statute nor its legislative history necessarily compel the conclusion that Congress intended the act be applied in a fully retroactive fashion." *Netsky,* 652 F.Supp. at 785.

This language rejecting the retroactive application of the statute on the basis of its language and legislative history amply supports the government's position that the district court based its holding on statutory grounds. Had the district court said no more, there would have been no issue before us. However, the court continued, "[m]oreover, even if that were Congress' intent, I find that retroactive application of the statute would be inappropriate in the circumstances of the instant case because it would violate the plaintiff's constitutional guarantees of due process." *Id.* Netsky argues that the district court's ensuing discussion of the constitutionality of retroactive application of section 641 is an alternate holding. If so, direct appeal to the Supreme Court would have been proper. *See United States v. Locke,* 471 U.S. 84, 105 S.Ct. 1785, 85 L.Ed.2d 64 (1985); *United States v. Rock Royal Co-operative,* 307 U.S. 533, 59 S.Ct. 993, 83 L.Ed. 1446 (1939).

■ Section 1252 bases the right of direct review to the Supreme Court on the "judgment, decree or order" of a court "holding" an Act of Congress unconstitutional. In other words, it permits bypassing the intermediate appellate court because Congress intended "prompt determination by the court of last resort of disputed questions of the constitutionality of acts of the Congress." *See* H.Rep. No. 212, 75th Cong., 1st Sess. 2, *quoted in Fleming v. Rhodes,* 331 U.S. 100, 104 n. 6, 67 S.Ct. 1140, 1142 n. 6, 91 L.Ed. 1368 (1947). This rationale is inapplicable when the district court merely uses the possible unconstitutionality of a contrary statutory interpretation as the basis for its narrow construction of the statute.

■ The district court here used the subjunctive mood, indicating that the district court's opinion was carefully structured to avoid holding that section 641 was unconstitutional. In contrast, in *Rosenberg v. United States,* 3 Inher.Est. & Gift Tax Rep. (CCH) ¶ 13,703, at 18,695 (C.D.Cal. Oct. 20, 1986), which was directly appealed to the Supreme Court as one of the cases considered in the *Wells Fargo* opinion, the district court squarely held section 641 unconstitutional. The *Rosenberg* court first held that section 641 applied retroactively, and only then that it constituted an unconstitutional denial of equal protection. *Rosenberg,* 3 Inher.Est. & Gift Tax Rep. (CCH) at 18,697–701.

Comparing *Rosenberg* with the decision below, it is clear that the district court in this case narrowly interpreted the statute to avoid a constitutional issue, and did not directly hold section 641 unconstitutional.

**4**

Thus, no direct appeal to the Supreme Court lay under section 1252, and jurisdiction in this court is proper as an appeal from a final decision of a United States district court under section 1291. *See United States v. Christian Echoes Nat'l Ministry,* 404 U.S. 561, 565–66, 92 S.Ct. 663, 666, 30 L.Ed.2d 716 (1972).

We conclude that the district court's due process discussion did not rise to the level of an alternative holding, that direct review by the Supreme Court was not available under 28 U.S.C. § 1252, and that therefore we have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We will deny the motion to dismiss the appeal.

### III.

#### *The Merits*

■ As we noted above, once we conclude that jurisdiction properly lies with this court, we must reverse the district court's holding that the Project Notes were not subject to estate tax. In *United States v. Wells Fargo Bank,* — U.S. —, 108 S.Ct. 1179, 99 L.Ed.2d 368 (1988), the Supreme Court held that the Housing Act of 1937 does not exempt Project Notes such as those at issue here from estate taxation. In accordance with this holding, Netsky was not entitled to a refund based on the inclusion of such notes of the decedent's estate. Therefore the district court's order granting summary judgment will be reversed and the case remanded with directions that it enter judgment for the United States.