**Grant ANDERSON, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 95–7029.

United States Court of Appeals, District of Columbia Circuit.

Dec. 29, 1995.

Charles L. Reischel, Deputy Corporation Counsel, and Edward Eugene Schwab, Assistant Corporation Counsel, Washington, DC, were on the motion for summary affirmance, for appellee District of Columbia.

Grant Anderson, pro se, filed the motion for summary reversal.

Before BUCKLEY, GINSBURG, and HENDERSON, Circuit Judges.

## ON MOTIONS FOR SUMMARY AFFIRMANCE AND REVERSAL

PER CURIAM:

The question presented here is whether a notice of appeal is fatally defective because it mistakenly stated that the appeal from an order of the district court was being taken to the United States Supreme Court instead of to the United States Court of Appeals. We hold that it is not.

## I. BACKGROUND

Grant Anderson filed a civil action against the District of Columbia in which he alleged that police officers used excessive force in arresting him. On July 24, 1992, the United States District Court for the District of Columbia awarded summary judgment to the District of Columbia. Anderson timely filed a notice of appeal in the district court but improperly designated the United States Supreme Court as the court to which the appeal was taken. After being advised of his error, Anderson filed various motions in attempts to salvage his right of appeal. In one of them, he asked the district court to "process" what he described as a timely appeal pursuant to Federal Rule of Appellate Procedure 4 ("Appeal as of Right"). While he conceded that his direct appeal to the Supreme Court was improper, he nevertheless asserted that the notice should be construed as a notice of appeal to this court. In another motion, he asked the district court to grant him relief pursuant to Federal Rule of Civil Procedure 60(b) ("Relief From Judgment or Order—Mistakes; Inadvertence; ... etc.").

The first of his motions, the one invoking Rule 4, was filed on January 8, 1993, 137 days after the time for filing an appeal had elapsed. The district court denied it as untimely. While it recognized that Rule 4 allows a district court to extend the time for filing a notice of appeal upon a showing of good cause or excusable neglect, the court noted that the motion must be filed no later than 30 days after the time for noting an appeal has passed. *See* Fed.R.App.P. 4(a)(1) & (5). In this case, more than four months had elapsed. The court also determined that the pleading Anderson denoted as a Rule 60(b) motion could not be construed as such because it had not been filed within one year after entry of judgment, as required if the relief sought is due to "mistake"; nor had Anderson demonstrated the "extraordinary circumstances" that would warrant relief in

the case of a later-filed motion. *See* Fed. R.Civ.P. 60(b)(1) & (6).

## II. DISCUSSION

Rule 3(c) of the Federal Rules of Appellate Procedure provides:

> A notice of appeal shall specify the party or parties taking the appeal by naming each party in either the caption or the body of the notice of appeal.... A notice of appeal must designate the judgment, order, or part thereof appealed from, *and must name the court to which the appeal is taken.* An appeal will not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice.

*Id.* (emphasis added).

The "specificity requirement" of Rule 3(c) is jurisdictional. *Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 314, 108 S.Ct. 2405, 2407, 101 L.Ed.2d 285 (1988). Several courts, however, have determined that a defective notice of appeal does not warrant dismissal where the intention to appeal to a certain court of appeals may be inferred from the notice and where the defect has not materially misled the appellee. *See, e.g., United States v. Musa,* 946 F.2d 1297, 1301 (7th Cir.1991); *Graves v. General Insurance Corp.,* 381 F.2d 517, 519 (10th Cir.1967); *United States v. Blue,* 350 F.2d 267, 270 (9th Cir.1965), *rev'd on other grounds,* 384 U.S. 251, 86 S.Ct. 1416, 16 L.Ed.2d 510 (1966); *Trivette v. New York Life Insurance Co.,* 270 F.2d 198, 199–200 (6th Cir.1959).

Central to the specificity requirements of Rule 3(c) is the principle of fair notice to the opposing party and to the court. *Torres,* 487 U.S. at 318, 108 S.Ct. at 2409. In *Torres,* the Supreme Court held that the use of *"et al."* in the notice of appeal rather than the name of each party filing the notice was fatal to the unspecified parties' appeal because the court and opposing party were not on notice as to the identity of the party taking the appeal. *Id.* In reaching its conclusion, the Supreme Court acknowledged that the notice could contain the "functional equivalent" of the rules' requirements and that " 'mere techni-

calities' should not stand in the way of consideration of a case on its merits." *Id.* at 316, 108 S.Ct. at 2408. Indeed, the Supreme Court noted that

> if a litigant files papers in a fashion that is technically at variance with the letter of a procedural rule, a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires. But although a court may construe the Rules liberally in determining whether they have been complied with, it may not waive the jurisdictional requirements of Rules 3 and 4, even for "good cause shown" under Rule 2, if it finds that they have not been met.

*Id.* at 316–17, 108 S.Ct. at 2408–2409 (citations omitted).

Like the notice of appeal at issue in *Musa,* Anderson's notice unambiguously informs the opposing counsel and the district court that Anderson appeals the order entered on July 24, 1992. This court, of course, is the only one to which Anderson may appeal. *See Musa,* 946 F.2d at 1301 (even though appellant designated the wrong court of appeals, because there was only one court to which appellant could properly appeal, that court had jurisdiction). *See also McLemore v. Landry,* 898 F.2d 996, 999 (5th Cir.1990) (defendant's failure to designate any circuit in the notice of appeal not a bar to jurisdiction because the Fifth Circuit was the only court to which an appeal could be taken). Thus, although Anderson named the wrong appellate court in his notice of appeal, because it was obvious in which court his appeal properly lay, Anderson gave fair notice to the opposing party and the court.

The Government cites *Donovan v. Richland County Ass'n for Retarded Citizens,* 454 U.S. 389, 102 S.Ct. 713, 70 L.Ed.2d 570 (1982), to support its position that Anderson's failure to name the proper appellate court was fatal. In *Donovan,* appellants were required by 28 U.S.C. § 1252 to file a direct appeal to the Supreme Court from the district court's decision holding the Fair Labor Standards Act unconstitutional. Instead, they appealed the case to the U.S. Court of Appeals, which proceeded to decide the matter. When the case reached the Supreme

Court, the Court vacated the judgment and opinion of the Court of Appeals because the latter lacked jurisdiction to hear an appeal from the district court. *Id.* at 389–90, 102 S.Ct. at 713–14. The Supreme Court also noted that the time for filing a direct appeal from the decision of the district court had passed, *citing* 28 U.S.C. § 2101(a), and declined to remand the matter to the district court for entry of a new order from which a timely appeal might be taken.

*Musa,* however, is not inconsistent with *Donovan. Musa* and the cases which preceded *Donovan* hold that when no party has been materially misled or prejudiced, a defective notice should not compel dismissal of an appeal for lack of jurisdiction. *See, e.g., Musa,* 946 F.2d at 1301; *Graves,* 381 F.2d at 519. *Cf. Torres,* 487 U.S. at 318, 108 S.Ct. at 2409. In *Donovan,* the entire process before the Court of Appeals had been completed before the defect was discovered. Thus the appellees had been put to the trouble and expense of two appeals by the appellants' mistake. That is not the case here.

### III. CONCLUSION

Because the intention to appeal to this court may be inferred from Anderson's notice, and the defect in the notice has not materially misled the appellee, the jurisdictional requirements of Rule 3(c) have been met. Accordingly, the motion for summary reversal is granted, the district court's order is vacated, and the case is remanded for entry of the notice of appeal.

*It is so ordered.*