[No. 40098.    Department One.    May 15, 1969.]

THE STATE OF WASHINGTON, *Respondent*, v. CAROL CATHERINE DERUM, *Appellant.*\*

*Eugene A. Stock,* for appellant (appointed counsel for appeal).

*Reported in 454 P.2d 424.

*Robert E. Schillberg* and *Donald J. Hale,* for respondent.

FINLEY, J.—Appellant Derum was convicted of forgery in the first degree. She appeals, assigning error to a refusal to grant a continuance, which she asserts deprived her of compulsory process.

Appellant's defense was one of alibi. The check in question was obtained by theft from the home of Mrs. Marlene Harless and ostensibly was cashed August 14, 1967. Mrs. Harless and others testified that appellant visited at the Harless home on the morning of August 14, 1967. While coffee was being served on the patio, appellant absented herself from the group for a period of time. She spent that time in the house, unaccompanied by anyone except her 3-year-old son.

Appellant testified that she had spent the morning of August 14 at the home of her mother and visited Mrs. Harless on the 15th. Her mother testified that appellant visited her early in the week of August 13. Carl Galliway, a neighbor's child, testified that at some time in the middle of August appellant had driven him to Lake Stevens, where he had seen Mrs. Louise Chrisman.

Mrs. Chrisman did not testify. On voir dire for a new trial motion she testified that she could state that she had seen Carl Galliway at Lake Stevens on August 14. She based this testimony on a record kept by her sister.

The search for Mrs. Chrisman began November 5, 1967, when appellant's counsel first learned of her existence from Galliway. Her name was determined that evening from the pastor of her church. The following morning, which was the day of trial, appellant's counsel served a subpoena on her. She was ill, attempted to contact appellant's counsel, but did not report to testify. Appellant's counsel attempted to locate her home that evening and the following morning. At noon of the following day he obtained a bench warrant. Appellant's counsel never succeeded in talking with Mrs. Chrisman during the course of the trial. At the close of trial, the court quashed the bench warrant and denied a continuance.

Error is assigned to the denial of the continuance, and to denial of a new trial.

■ Mrs. Chrisman's testimony was merely corroborative of Carl Galliway's testimony. It could not establish the date that she saw Galliway, which rested on a hearsay diary maintained by her sister. Even if it could establish the date Galliway was seen, it would not have established that appellant took him to Lake Stevens on that date, for Galliway testified that he often swam there. Denial of a request for compulsory process will be disturbed only when the accused has been prejudiced thereby, considering such factors as diligence, surprise, materiality, and the maintenance of orderly court procedure. *State v. Edwards*, 68 Wn.2d 246, 412 P.2d 747 (1966).

Although we are not impressed by the diligence shown by counsel in this case, and think it unlikely that he could reasonably claim surprise when Mrs. Chrisman did not appear since he had never interviewed her and was unaware of the substance of what she could testify to except as related by Galliway, there are far more solid reasons for refusing to find prejudice in denial of the continuance to obtain her testimony.

■ Had she appeared and testified, she would have been unable to testify as to the date upon which she saw Galliway. She could establish that date only from inadmissible hearsay. Her other testimony was merely cumulative. Even if she had been able to establish the date, the state never denied that appellant had driven Galliway to Lake Stevens on the afternoon of August 14.

It is not an abuse of discretion to refuse a continuance where the proffered testimony would not be likely to change the result, or would be inadmissible. *State v. Moore*, 69 Wn.2d 206, 417 P.2d 859 (1966).

What Mrs. Chrisman would have testified to was a matter of speculation at the time that the continuance was denied. However, at the time of the new trial motion the trial court caused her to be examined on voir dire for the purpose of evaluating the materiality of her testimony. Any possibility of error as to materiality in the denial of continu-

ance was purged by the trial court's having established the substance of Mrs. Chrisman's testimony at the time of the new trial motion.

The motion denying the new trial was correctly decided, appellant having presented insufficient grounds at that time to render denial of her continuance an abuse of discretion.

The judgment is affirmed.

HUNTER, C. J., HAMILTON and McGOVERN, JJ., and JOHNSEN, J. Pro Tem., concur.