[No. 9394–8–III.   Division Three.   October 31, 1989.]

THE STATE OF WASHINGTON, *Respondent*, v. PABLO MONTES MICHEL, *Defendant*, EMILIANO GALLARDO, *Appellant*.

---

*Walter Curnutt*, for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney*, and *John Staffan, Deputy*, for respondent.

THOMPSON, C.J.—Emiliano Gallardo appeals an order forfeiting his 1986 Pontiac Firebird pursuant to RCW 69.50.505(a)(4). He contends the court improperly imposed on him the burden of proving his lack of knowledge or consent of the illegal use of the vehicle, and there was insufficient proof of his knowledge or consent. We affirm.

Pablo Montes Michel was arrested on January 16, 1988, while driving the 1986 Firebird that is the subject of this appeal. In the backseat of the Firebird, officers found 18 ounces of cocaine in a plastic grocery bag. The car was seized and Mr. Gallardo, the registered owner, was notified it was subject to forfeiture.

At the forfeiture hearing, Mr. Gallardo testified he loaned the car to Mr. Michel, a longtime friend. He denied knowledge of the cocaine, and said Mr. Michel had never before been permitted to use the car. He also testified the car was blue when he purchased it for $7,000 cash about a month before it was seized.

The State presented evidence that Mr. Gallardo paid more than $9,000 cash for the car, and that it was painted a distinctive yellow and black. Officer Steven J. Morkert testified he saw Mr. Michel driving the yellow and black Firebird in late December 1987 or early January 1988. At the time of Mr. Michel's arrest on January 16, 1988, the car was poorly painted a dark blue color.

The court found Mr. Gallardo's testimony was not credible, and he failed to establish he had no knowledge the car was being used to transport a controlled substance. Mr. Gallardo appeals the court's forfeiture order.

The first issue is whether the owner of a vehicle has the burden of proving the offense was committed without his knowledge or consent. Former RCW 69.50.505(a) provides in pertinent part:

> The following are subject to seizure and forfeiture:
>
> . . . .
>
> (4) All conveyances, including aircraft, vehicles, or vessels, which are used, or intended for use, in any manner to facilitate the sale of [controlled substances], but:
>
> . . . .
>
> (ii) No conveyance is subject to forfeiture under this section by reason of any act or omission *established by the owner thereof* to have been committed or omitted without his knowledge or consent;

(Italics ours.) Former RCW 69.50.505(e) provides in pertinent part:

> The burden of producing evidence shall be upon the person claiming to be the lawful owner or the person claiming to have the lawful right to possession of items specified in subsection (a)(4) or (a)(7) of this section.

RCW 69.50.506(a) provides:

> It is not necessary for the state to negate any exemption or exception in this chapter in any complaint, information, indictment or other pleading or in any trial, hearing, or other proceeding under this chapter. The burden of proof of any exemption or exception is upon the person claiming it.

■■ Mr. Gallardo argues that under the rule of lenity the statutory language should be construed strictly against the State. *See Kahler v. Kernes*, 42 Wn. App. 303, 308, 711 P.2d 1043 (1985). However, where there is no ambiguity in

a statute, there is nothing for the court to interpret. *State v. Keeney,* 112 Wn.2d 140, 142, 769 P.2d 295 (1989). The rule of lenity has no application when the statutory language is clear. *Russello v. United States,* 464 U.S. 16, 29, 78 L. Ed. 2d 17, 104 S. Ct. 296, 303-04 (1983). The statute here, in three different sections, unambiguously provides that the claimant has the burden of proving lack of knowledge, the lawful right to possession, or any exemption or exception to the State's prima facie case for forfeiture.

Applying similar statutory language, a Maryland court wrote:

> The legislative scheme is clear. We hold that once the illicit use of the vehicle is shown, the vehicle is presumptively subject to forfeiture and the burden of proof is upon the owner to demonstrate entitlement to an exemption from that presumptive forfeiture.

*State v. One 1985 Ford,* 72 Md. App. 144, 147, 527 A.2d 1311, 1312 (1987); *see also Lobo v. Metro–Dade Police Dep't,* 505 So. 2d 621, 623 (Fla. Dist. Ct. App. 1987).

Mr. Gallardo relies primarily on two cases from other states, neither of which addressed the issue here. In *State v. Spooner,* 520 So. 2d 336 (La. 1988), the court found unconstitutional a Louisiana statute that created a rebuttable presumption that currency found in close proximity to controlled substances is contraband, subject to forfeiture. The Louisiana statute bears no similarity to Washington's version of the Uniform Controlled Substances Act, RCW 69.50. In *A 1983 Volkswagen v. County of Washoe,* 101 Nev. 222, 699 P.2d 108 (1985), the court held the State must prove the elements necessary for forfeiture beyond a reasonable doubt. The decision did not address the burden of proof for statutory exceptions to forfeiture.

The court did not err in imposing on Mr. Gallardo the burden of proving he did not know of or consent to the use of his car to transport the cocaine.

■ Mr. Gallardo next contends there was insufficient evidence to prove he had knowledge of or consented to the illegal use of his car. However, the statute clearly places on

him the burden of proving lack of knowledge or consent. The question here, then, is whether the court erred in finding Mr. Gallardo failed to establish his lack of knowledge or consent. The court's conclusion is based primarily on its finding Mr. Gallardo's testimony was not credible, a determination exclusively within the province of the finder of fact. *State v. Smith,* 31 Wn. App. 226, 228, 640 P.2d 25 (1982).

Substantial evidence supports the court's finding. Mr. Gallardo stated he bought the car for $7,000 but the bill of sale indicated the price was $9,170. He testified he never had permitted Mr. Michel to use his car before the day of the arrest, but Officer Morkert testified he saw Mr. Michel driving the car a few days earlier. Mr. Gallardo testified the car was blue when he bought it, but photographs developed from negatives found in the car showed it was yellow and black. The court did not err in concluding Mr. Gallardo's testimony was not believable, and thus that he had failed to meet his burden of proof.

We affirm the forfeiture order.

GREEN and SHIELDS, JJ., concur.