83 P.3d 1042 (2004)
Lynn GORMLEY, Respondent,
v.
Julia ROBERTSON, Appellant.
No. 21580-6-III.
Court of Appeals of Washington, Division 3, Panel Two.
February 3, 2004.
*1043 Bryan P. Myre, Yakima, WA, for Appellant.
Howard N. Schwartz, Yakima, WA, for Respondent.
Lisa E. Brodoff, Seattle University Peterson Law Clinic, Patricia S. Novotny, Seattle, WA, for Amicus Curiae.
KATO, J.
This appeal involves the division of property after the intimate domestic relationship ended between two single women, Lynn Gormley and Julia Robertson, who had cohabitated for some 10 years. The trial court applied the meretricious relationship doctrine to this same-sex couple in dividing their assets and liabilities. We affirm.
*1044 Between July 1988 and August 1998, Ms. Gormley and Dr. Robertson lived together. Both were lieutenant commanders in the Navy when they met. Dr. Robertson is a physician; Ms. Gormley is a nurse and administrator. They began their relationship having nearly equal incomes, but Dr. Robertson earned significantly more by the time it ended.
They pooled their resources and acquired property as well as debt. They had a joint banking account that was used to pay all monthly obligations, whether pre-existing or incurred separately or jointly.
In 1992, the couple borrowed $20,000 from Ms. Gormley's father. The money was used to consolidate debts, including paying off a debt of Dr. Robertson's that was incurred before their relationship began. The balance at separation was $7,188. The last joint payment on the loan was made on September 17, 1998.
In 1993, Ms. Gormley and Dr. Robertson bought a Yakima home that was put only in the doctor's name for convenience and financing. Payments were made from the joint account into which they both deposited their incomes. They used joint funds to improve, decorate, and furnish the home. The net equity in the home at the time of separation was $35,255. They spent at least $38,704 on improvements.
When they separated in 1998, a dispute over property arose. Seeking equitable relief based on constructive trust, implied partnership, joint tenancy, joint venture, conversion, implied contract, and joint acquisition, Ms. Gormley sued Dr. Robertson. Ms. Gormley was later permitted to add partition as another theory of recovery.
Judge F. James Gavin dismissed on summary judgment the implied partnership and joint venture claims. Based on the Court of Appeals decision in Vasquez v. Hawthorne, 99 Wash.App. 363, 994 P.2d 240 (2000),[1] Judge Gavin also dismissed any claims based on the theories of marriage and meretricious relationship "because these theories do not apply in Washington to a same sex, life partnership relationship." Clerk's Papers (CP) at 158.
After the summary judgment order but before trial, our Supreme Court, at 145 Wash.2d 103, 33 P.3d 735 (2001), reversed and vacated the Court of Appeals' decision. After additional briefing, the trial judge, Heather K. Van Nuys, determined she was not bound by Judge Gavin's decision and agreed with Ms. Gormley's position that the meretricious relationship doctrine applied to same-sex relationships.
After trial, the court entered findings and conclusions. Dr. Robertson assigns error to only two findings:
16. Based on the evidence before the court, the court finds that approximately $40,000.00 was spent from joint accounts, either directly or through payment on credit cards for personal property items [Dr. Robertson] has retained.
. . . .
39. The court finds [Dr. Robertson] would be unjustly enriched if she was allowed to retain all the property, the home, the equity, and the improvements, and be responsible only for half of the jointly held credit cards that she maintained during this relationship.
CP at 18, 21. The doctor also challenges these conclusions of law:
3. The relationship between the parties was sufficiently "marriage-like" to provide equitable relief as provided in a meretricious relationship.
4. In the alternative, an "intimate domestic union" or "intimate domestic partnership" shall emerge and apply if the meretricious doctrine does not apply on the grounds that the parties are of the same sex.
5. [Ms. Gormley] has clearly and convincingly established an implied contract and constructive trust through the contact of the parties.
6. The doctrine of implied contract and constructive trust is insufficient to address all of the issues before the court and therefore the court resorts to a meretricious relationship analysis.
*1045 . . . .
8. [Ms. Gormley] is awarded 30% of the equity in the home in the sum of $10,576.50. The home is awarded to [Dr. Robertson].
9. The community is awarded an equitable lien against the Tieton Drive home for improvements made to the property with joint funds in the amount of $38,704. [Ms. Gormley] is awarded 30% of said equitable lien in the amount of $11,611.00.
10. [Ms. Gormley] is awarded $6,000.00 against [Dr. Robertson] for personal property acquired during the relationship, but still in [Dr. Robertson's] possession.
. . . .
14. Of the remaining balance owed to [Ms. Gormley's] father from the loan from [her] father, regardless of whether the right to collect on the debt has lapsed, [Ms. Gormley] shall pay the balance and [she] shall pay the balance and [she] shall be given a credit for $3,594.00 in the award of monies she is to be paid by [Dr. Robertson].
. . . .
25. The value of the net property awarded to [Dr. Robertson] minus debts and offsets, is $50,867.00.
26. The value of the total award to [Ms. Gormley], minus offsets and debts, is $32,342.50.
27. [Ms. Gormley] shall be awarded a judgment against [Dr. Robertson] in the sum of $32,342.50 and if not paid within 90 days of the date set forth below, shall accrue interest at the rate of 7% per annum.
CP at 22-25. The trial court denied Dr. Robertson's motion for reconsideration. She appeals.
Dr. Robertson contends the court erred by concluding the meretricious relationship doctrine was applicable to this same-sex couple.
The court's findings of fact are entitled to deference while conclusions of law are reviewed de novo. In re Matter of Pennington, 142 Wash.2d 592, 602-03, 14 P.3d 764 (2000). Here, Dr. Robertson assigns no error to any of the court's findings of fact relating to the factors it considered in determining whether a meretricious relationship existed. They are thus verities on appeal. Robel v. Roundup Corp., 148 Wash.2d 35, 42, 59 P.3d 611 (2002).
In Connell v. Francisco, 127 Wash.2d 339, 346, 898 P.2d 831 (1995), the court stated that "[a] meretricious relationship is a stable, marital-like relationship where both parties cohabit with knowledge that a lawful marriage between them does not exist." Non-exclusive factors establishing a meretricious relationship include "continuous cohabitation, duration of the relationship, purpose of the relationship, pooling of resources and services for joint projects, and the intent of the parties." Id.
The trial court made detailed findings of fact reflecting its consideration of these factors. Each weighs in favor of finding a meretricious relationship. Since these findings are unchallenged, the next inquiry is whether the court's conclusion that a meretricious relationship existed is supported by them. Dumas v. Gagner, 137 Wash.2d 268, 280, 971 P.2d 17 (1999).
Had Ms. Gormley and Dr. Robertson not been a same-sex couple, the trial court could only conclude that a meretricious relationship existed between them. But because they were not, the issue squarely presented, and undecided by our Supreme Court in Vasquez, is whether the meretricious relationship doctrine applies to same-sex couples.
Division Two of this court has held that "a same-sex relationship cannot be a meretricious relationship because such persons do not have a `quasi-marital' relationship." Vasquez, 99 Wash.App. at 369, 994 P.2d 240. Because persons of the same sex cannot legally marry, they are "not entitled to the rights and protections of a quasi-marriage, such as community property-like treatment." Id. But it is of no consequence to the cohabitating couple, same-sex or otherwise, whether they can legally marry. Indeed, one of the key elements of a meretricious relationship is knowledge by the partners that a lawful marriage between them does not exist.
*1046 Moreover, Division Two's reliance on "Connell and its predecessors," as indicating that a meretricious relationship can exist only between a man and a woman, is misplaced. Id. at 367-68, 994 P.2d 240. Those cases all addressed relationships between men and women simply because same-sex couples were not involved. Relying on this historical perspective not only ignores the present, but also makes too much of the past.
In refusing to find a meretricious relationship, Division Two also stated: "We find no legal basis for judicially extending the rights and protections of marriage to same-sex relationships. Such an extension of the law is for the Legislature to decide, not the courts." Vasquez, 99 Wash.App. at 368-69, 994 P.2d 240.
Whether same-sex couples can legally marry is for the legislature to decide. See Wash. Statewide Org. of Stepparents v. Smith, 85 Wash.2d 564, 567-69, 536 P.2d 1202 (1975). But the rule that courts must "`examine the [meretricious] relationship and the property accumulations and make a just and equitable disposition of the property'" is a judicial, not a legislative, extension of the rights and protections of marriage to intimate, unmarried cohabitants. See In re Marriage of Lindsey, 101 Wash.2d 299, 304, 678 P.2d 328 (1984) (quoting Latham v. Hennessey, 87 Wash.2d 550, 554, 554 P.2d 1057 (1976)); Vasquez, 145 Wash.2d at 109, 33 P.3d 735 (Alexander, C.J., concurring). We hold that the meretricious relationship doctrine should be extended to same-sex couples.
Dr. Robertson also contests certain aspects of the trial court's disposition of property. She assigns error to two of the court's findings.
We review findings of fact to determine whether they are supported by substantial evidence and, if so, whether the findings support the conclusions of law. Willener v. Sweeting, 107 Wash.2d 388, 393, 730 P.2d 45 (1986). Substantial evidence is "evidence in sufficient quantum to persuade a fair-minded person of the truth of the declared premise." Fred Hutchinson Cancer Research Ctr. v. Holman, 107 Wash.2d 693, 712, 732 P.2d 974 (1987). Credibility is determined solely by the trier of fact. Kinder v. Mangan, 57 Wash.App. 840, 846, 790 P.2d 652, review denied, 115 Wash.2d 1018, 802 P.2d 127 (1990).
Dr. Robertson contends substantial evidence does not support the court's findings 16 and 39 that $40,000 was spent from joint accounts on property retained by her and that she would be unjustly enriched if she were allowed to retain all the property and to be liable for only half of the credit card debt.[2]
The testimony and exhibits in the record show that Ms. Gormley and Dr. Robertson commingled their funds, made joint purchases, and incurred debt. The court's finding that they spent about $40,000 from joint accounts on property retained by Dr. Robertson was based primarily on evidence from Ms. Gormley. While there may be evidence to the contrary, credibility determinations are for the trial court. In re Welfare of Sego, 82 Wash.2d 736, 740, 513 P.2d 831 (1973). Permitting Dr. Robertson to retain property obtained by both of them for their joint use would unjustly benefit her at the expense of Ms. Gormley. The challenged findings are supported by substantial evidence.
Dr. Robertson asserts the court erred by awarding Ms. Gormley 30 percent of the equity in the home as well as 30 percent of the equitable lien on the home for improvements made to the property with joint funds. She argues the court's award resulted in a double recovery. We review a trial court's decision on property distribution for a manifest abuse of discretion. In re Marriage of Thomas, 63 Wash.App. 658, 660, 821 P.2d 1227 (1991).
*1047 The court found that Dr. Robertson and Ms. Gormley made mortgage payments on the Tieton Drive home from their joint checking account where they both deposited funds. It also found that the down payment on the home came from refinancing Dr. Robertson's car, which was also paid for with joint funds. The court found that the parties used joint funds to improve, decorate, and furnish the home. These findings are unchallenged.
"`Equity will create a lien where there is no valid lien at law and [one] is needed to prevent an injustice.'" In re Marriage of Sievers, 78 Wash.App. 287, 313, 897 P.2d 388 (1995) (quoting N. Commercial Co. v. E.J. Hermann Co., 22 Wash.App. 963, 968 n. 2, 593 P.2d 1332 (1979)). Denying Dr. Robertson's motion for reconsideration, the court stated in its memorandum opinion that it "did not include [the improvements] in finding the specific net equity of the home." CP at 10. The court further noted that Dr. Robertson would be "unjustly enriched if she is allowed to keep all of the improvements in the home without some reimbursement to [Ms. Gormley]." CP at 10.
Based on the unchallenged findings and its statement that improvements were not included in determining the equity, the court had a tenable basis for its decision. Furthermore, it exercised sound discretion in preventing unjust enrichment. Connell, 127 Wash.2d at 349, 898 P.2d 831. The court did not err.
Dr. Robertson also contends the court erred by giving Ms. Gormley a credit for paying the balance of their debt to her father.
The court has broad discretion in distributing property, including debt. In re Marriage of Thomas, 63 Wash.App. at 660, 821 P.2d 1227. Dr. Robertson argues the debt to Ms. Gormley's father was not before the court for disposition since collection was barred by the statute of limitations. The record contains a loan payment history reflecting the last payment in September 1998. Ms. Gormley testified it was the last payment from their joint account. She continued, however, to make payments on and off, with the most recent payment being made three days before trial.
The court, as is its province, believed Ms. Gormley. It thus had a tenable ground for deciding against Dr. Robertson on the statute of limitations issue. A trial court also has broad equitable powers. In re Matter of Firestorm 1991, 106 Wash.App. 217, 223, 22 P.3d 849, review denied, 144 Wash.2d 1021, 32 P.3d 284 (2001). The court stated in its memorandum opinion that, regardless of whether the debt had lapsed, "it should still be considered equitably between the parties." CP at 57-58. They incurred the debt together; Dr. Robertson benefited from the proceeds. Accordingly, the court acted within its equitable powers in determining both should share the debt.
The trial court is affirmed.
I CONCUR: SCHULTHEIS, J.
BROWN, C.J. (concurring).
I disagree with the meretricious relationship rationale as the basis for the majority's decision. This case is best viewed as a property dispute filed as a civil suit, which it was, and decided in equity, not a domestic relations case. The parties were involved in a conceded-10 year, same-sex cohabitation relationship. With compassion for the parties and with the respect and dignity deserved by and accorded to all persons coming to courts for judicial dispute resolution, our duty remains to competently apply existing law to the facts presented and not venture into policy making best left to the legislature. In my view, based upon existing law, we should affirm based solely upon the facts and resulting equities between the parties, not the legal status of their relationship.
Our Supreme Court, Vasquez v. Hawthorne, 145 Wash.2d 103, 107, 33 P.3d 735 (2001) (Vasquez II), held the court in Vasquez v. Hawthorne, 99 Wash.App. 363, 994 P.2d 240 (2000) (Vasquez I) erred in reaching the merits of deciding whether a meretricious relationship existed in a same-sex couple context. But, the Vasquez II majority did not approve or disapprove the meretricious relationship rationale of Vasquez I. It *1048 left that decision for another time. For now, I would follow the existing guidance from Vasquez II, use a fact-equity analysis, and reject the meretricious relationship rationale for same-sex couples.
The Vasquez I court extensively analyzed the history of the meretricious relationship doctrine before deducing that a meretricious relationship is one where the parties can legally marry. Vasquez I, 99 Wash.App. at 367, 994 P.2d 240. Our legislature has defined a marriage as a civil union between a man and woman. RCW 26.04.010(1). The Vasquez I court held a meretricious relationship is a "quasi-marital" relationship; as such "we accord some of the protections of marriages and community property law." Vasquez I, 99 Wash.App. at 368, 994 P.2d 240. RCW 26.16.030 clearly limits the application of community property laws to opposite-sex relationships. No precedent exists for applying marital concepts, either rights or protections, to same-sex relationships. Id. "Such an extension of the law is for the Legislature to decide, not the courts." Id. at 369, 994 P.2d 240.
Here, Judge F. James Gavin summarily, and in my view correctly, rejected Ms. Gormley's meretricious relationship theories based upon the reasoning of Vasquez I. Judge Heather K. Van Nuys, the trial judge, incorrectly interpreted Vasquez II as giving her the authority to ignore Judge Gavin's ruling before she decided a meretricious relationship can and did exist for this same-sex couple.
Significantly, the Vasquez II court vacated the court of appeals decision, but also reversed the trial court, concluding "the trial court did not have sufficient undisputed factual information to resolve this case on its merits." Vasquez II, 145 Wash.2d at 107, 33 P.3d 735. However, the Supreme Court provided specific, pertinent guidance for us now:
When equitable claims are brought, the focus remains on the equities involved between the parties. Equitable claims are not dependent on the `legality' of the relationship between the parties, nor are they limited by the gender or sexual orientation of the parties. For example, the use of the term `marital-like' in prior meretricious relationship cases is a mere analogy because defining these relationships as related to marriage would create a de facto common-law marriage, which this court has refused to do. In re Marriage of Pennington, 142 Wash.2d 592, 601, 14 P.3d 764 (2000). Rather than relying on analogy, equitable claims must be analyzed under the specific facts presented in each case. Even when we recognize `factors' to guide the court's determination of the equitable issues presented, these considerations are not exclusive, but are intended to reach all relevant evidence.
Id. at 107-08, 33 P.3d 735.
Chief Justice Alexander, concurring, noted the question of whether the meretricious relationship doctrine applies after a same-sex couple separates should be left "to another day." Id. at 109, 33 P.3d 735. Justice Sanders, in his concurrence, agreed with the Vasquez I rationale regarding the merits of the meretricious relationship claim and observed the majority "fails to articulate potentially dispositive legal criteria" on the subject. Id. at 111, 33 P.3d 735.
Considering the Vasquez II majority guidance, together with the concurrences noted, and the persuasive reasoning of Vasquez I, I would hold the meretricious relationship doctrine does not directly or by analogy apply to same-sex couples. Thus, the other phrases coined by the trial court, "intimate domestic union" or "intimate domestic partnership," to the extent they are meant by analogy to embody quasi-marital relationships, are equally inapt.
Although I reject an application of the meretricious relationship rationale here, the trial court properly acted within its fact-finding discretion and inherent equitable power by alternatively focusing upon the equities between the parties when resolving this civil property dispute; therefore, it did not err in this respect.
Accordingly, I concur in the result.
NOTES
[1] Reversed and vacated on other grounds, 145 Wash.2d 103, 33 P.3d 735 (2001).
[2] If the meretricious relationship doctrine did not apply, the trial court indicated it would, in the alternative, make the same property division under the equitable theories of constructive trust and implied contract. Because the doctrine applies here, we need not address Dr. Robertson's claims relating to these alternative theories of relief. Rather, the trial court makes a just and equitable distribution of property acquired during the meretricious relationship by applying a community-property-like presumption. Connell, 127 Wash.2d at 349-50, 898 P.2d 831.