Harnois v. SSA                               CV-01-360-SM  09/21/04

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Michael J. Harnois,
     Petitioner

     v.                                      Civil No. 01-360-SM
                                             Opinion No. 2004 DNH 140
Jo Anne B. Barnhart, Commissioner,
Social Security Administration,
     Respondent


                          **O R D E R**


     Pursuant to 42 U.S.C. § 405(g), claimant, Michael J.

Harnois, moves to reverse the Commissioner's decision denying his

application for Social Security disability insurance benefits

under Title II of the Social Security Act, 42 U.S.C. § 423.  The

Commissioner, in turn, moves for an order affirming her decision.

For the reasons given below, the Commissioner's decision is

affirmed.


     The applicable standard of review in this case provides, in

pertinent part:


          The [district] court shall have power to enter, upon
          the pleadings and transcript of the record, a judgment
          affirming, modifying, or reversing the decision of the
          Commissioner of Social Security, with or without

> remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . .

42 U.S.C. § 405(g). However, the court "must uphold a denial of social security disability benefits unless 'the [Commissioner] has committed a legal or factual error in evaluating a particular claim.'" Manso-Pizarro v. Sec'y of HHS, 76 F.3d 15, 16 (1st Cir. 1996) (quoting Sullivan v. Hudson, 490 U.S. 877, 885 (1989)).

Michael Harnois received disability insurance benefits for the period from July 28, 1995, until November 1, 1996. As of November 1, 1996, he was no longer under a disability.

On April 14, 1998, Harnois re-applied for disability insurance benefits. Ultimately, he claimed a closed period of disability running from November 15, 1997, to August 4, 1998, the date on which he returned to work. The application was denied, on grounds that claimant was not under a disability because he "ha[d] not been unable to engage in substantial gainful activity for any continuous period of at least 12 months." (Administrative Transcript at 17.)

2

According to claimant, the decision of the Administrative Law Judge ("ALJ") should be reversed because it is legally incorrect. Specifically, claimant faults the ALJ for failing to count nine months of work claimant did between January and October of 1997 as a "period of trial work," 42 U.S.C. § 422(c), that made his 1997-98 period of disability a continuation of the 1995-96 disability, rather than an independent disability period that had to meet the twelve-month durational requirement. Respondent contends that the statutory trial-work provision is inapplicable to the circumstances of this case.

Because the disputed work took place when claimant was not under a disability, the trial-work provision of the Social Security Act is simply not implicated.

> The 1980 amendments to the [Social Security] Act . . .
> provide a trial work period as an incentive for
> individuals with disabling impairments to try to return
> to work. See Pub. L. No. 96-265, 94 Stat. 453, 457
> (1980) (codified as amended at 42 U.S.C. § 422(c)
> (1991)). Work and earnings during the trial work
> period, which may last up to nine nonconsecutive
> months, are disregarded in determining whether the
> individual's disability ceased during the trial work
> period. See 42 U.S.C. § 422(c); [Harvey L.] McCormick,
> [Social Security Claims and Procedures] § 409 [(4th ed.
> 1991)].

3

<u>Flaten v. Sec'y of HHS</u>, 44 F.3d 1453, 1462 (9th Cir. 1995) (emphasis added); <u>see also</u> <u>Conley v. Bowen</u>, 859 F.2d 261, 262 (2nd Cir. 1988) ("Title II of the Social Security Act . . . permits <u>recipients of disability insurance benefits</u> to retain their disabled status while they test their ability to work during a nine-month 'trial work period' . . . .") (emphasis added) (citations omitted); <u>Fabel v. Shalala</u>, 891 F. Supp. 202, 204 (D.N.J. 1995) ("<u>An individual who is 'entitled' to disability insurance benefits</u> may also engage in a trial work period. . . . The purpose of the trial work period is to give the disabled person an opportunity to test [his] 'ability to work and still be considered disabled.'") (emphasis added) (quoting 42 U.S.C. § 422(c)(3); 20 C.F.R. § 404.1592(a)).

<u>Flaten</u>, <u>Conley</u>, <u>Fabel</u>, and the plain language of 42 U.S.C. § 422(c) make it clear that "trial work" is something engaged in by individuals who are under a disability and who wish to test their ability to work without losing their status as disabled. Here, however, as of November 1, 1996, Harnois had no disabled status to preserve; all agree that his period of disability ended because he had recovered from his disability. For that reason,

the work he did in 1997 was not trial work, as defined by 42 U.S.C. § 422(c). Because the work Harnois did in 1997 was not trial work, it did not serve to extend his 1995-96 period of disability to include his disability in 1997-98, which was, therefore, subject to the twelve-month durational requirement. And, because the 1997-98 period of disability amounted to less than twelve months, the ALJ correctly decided that claimant was not eligible for disability insurance benefits.

For the reasons given, claimant's motion to reverse the decision of the Commissioner (document no. 10) is denied, and the Commissioner's motion to affirm her decision (document no. 13) is granted. The clerk of the court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

September 21, 2004

cc:  David L. Broderick, Esq.
     Francis M. Jackson, Esq.
     Karen B. Nesbitt, Esq.