PS4-058                                                         **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3647
_____

TONI CLARK,
                              Appellant

v.

JUDGE LINARES, Judge; CHIEF JUDGE SIMANDLE;
ANDREA WALKER, Deputy-In-Charge
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-13-cv-05484)
District Judge:  Honorable Joel A. Pisano
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 19, 2015
Before:  FISHER, KRAUSE and VAN ANTWERPEN, Circuit Judges

(Opinion filed: February 19, 2015 )
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Toni Clark, proceeding pro se, appeals from an order of the United States District Court for the District of New Jersey dismissing her complaint. We will affirm the District Court's judgment.

In August 2013, Clark filed a complaint naming Judge Jose Linares, Judge Jerome Simandle, and Andrea Walker, Deputy-in-Charge, as defendants. She alleged that the defendants acted improperly by working to prevent her from prevailing in a case she had filed previously. The District Court granted Clark's application to proceed in forma pauperis and, on November 4, 2013, sua sponte dismissed the complaint with prejudice. The District Court concluded that Clark's complaint failed to comply with Rule 8(a) of the Federal Rules of Civil Procedure because the complaint consisted largely of vague and confusing statements. Further, the District Court determined that it would be futile to give Clark leave to amend her complaint because all of her claims were barred by judicial immunity.

On December 5, 2013, Clark filed with the District Court a document titled "Petition for Writ of Certiorari," purporting to seek review in the U.S. Supreme Court. It does not appear that any action was taken on this document. Eight months later, on August 11, 2014, she filed in this Court a document titled "Notice of Motion," stating that the document was an "application for extension of time to move, answer, or otherwise reply." The circuit clerk forwarded Clark's "Notice of Motion" to the district clerk, stating that the document was "to be treated as a Notice of Appeal from the District Court

2

order entered 11/4/13." The circuit clerk ordered a briefing schedule, and the parties submitted briefing.

We must first consider our jurisdiction to hear this appeal. The Appellees argue that we lack jurisdiction because Clark's August 2014 notice of appeal was untimely and her earlier "petition for writ of certiorari," filed with the District Court in December 2013, should not be deemed a timely notice of appeal. A notice of appeal in a civil case in which a United States officer is a party must be filed "within 60 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(B). Federal Rule of Appellate Procedure 3(c) requires that a notice of appeal specify the party taking the appeal, designate the order being appealed, and name the court to which the appeal is taken. Fed. R. App. P. 3(c)(1)(A)-(C). This rule, although "jurisdictional in nature," is not founded on a statute. Torres v. Oakland Scavenger Co., 487 U.S. 312, 316 (1988). Moreover, the Supreme Court has stated that "the requirements of the rules of procedure should be liberally construed and that 'mere technicalities' should not stand in the way of consideration of a case on its merits." Id. Federal courts of appeal have excused technical noncompliance with Rule 3(c) where the circumstances make the destination of the appeal clear. See 16A Wright & Miller, Federal Practice and Procedure, § 3949.4 n.65 (4th ed. 2008) (collecting cases).

The only document filed within 60 days after entry of the District Court's order was Clark's "Petition for Writ of Certiorari," purporting to seek review in the U.S. Supreme Court. Although Clark's petition fell short of the formal requirements of Fed.

3

R. App. P. 3(c), it was nevertheless the "functional equivalent" of a notice of appeal, and it clearly evidenced an intention to seek review. See Fed. R. App. P. 3(c) advisory committee's 1993 note; 3d Cir. L.A.R. 3.4; see also Smith v. Barry, 502 U.S. 244, 248 (1992). Moreover, the only appellate court with jurisdiction over Clark's appeal is the United States Court of Appeals for the Third Circuit. See 28 U.S.C. § 1291. Under these circumstances, we think the destination of the appeal was clear and that the defects in Clark's document do not strip this Court of its appellate jurisdiction. Cf. Anderson v. District of Columbia, 72 F.3d 166 (D.C. Cir. 1995) (exercising jurisdiction over appeal that mistakenly listed the Supreme Court of the United States, rather than the Court of Appeals for the District of Columbia Circuit).

We review a dismissal of a complaint for failure to comply with Rule 8 for abuse of discretion. See In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996). Rule 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A district court may sua sponte dismiss a complaint for failure to comply with Rule 8; dismissal is appropriate in cases where the "complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995). We agree with the District Court that this is such a case — Clark's complaint fails to reveal any factual or legal basis for a claim. We also agree with the District Court that the defendants/appellees are protected by judicial and quasi-judicial immunity, for the reasons explained by the District Court. Therefore, the court did not abuse its discretion

4

in denying Clark leave to amend her complaint on the basis of futility. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434-35 (3d Cir. 1997).

For these reasons, we will affirm the District Court's judgment.