# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued November 4, 2016          Decided December 6, 2016

No. 15-3030

UNITED STATES OF AMERICA,
APPELLEE

v.

LARRY A. GOOCH, JR., ALSO KNOWN AS GOO,
APPELLANT

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:04-cr-00128)

———

*Paul S. Rosenzweig*, appointed by the court, argued the cause and filed the briefs for appellant.

*Peter S. Smith*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Elizabeth Trosman* and *Elizabeth H. Danello*, Assistant U.S. Attorneys. *Suzanne G. Curt*, Assistant U.S. Attorney, entered an appearance.

Before: KAVANAUGH and WILKINS, *Circuit Judges*, and WILLIAMS, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* WILKINS.

WILKINS, *Circuit Judge*: Appellant Larry Gooch, Jr. is currently serving a prison sentence resulting from convictions for a number of crimes, including four felony murders. We upheld those convictions on direct appeal. *See United States v. Gooch*, 665 F.3d 1318 (D.C. Cir. 2012). In a subsequent motion to the District Court, under 28 U.S.C. § 2255, Gooch alleged ineffective assistance of counsel at trial. The District Court denied Gooch's motion but issued a certificate of appealability as to his claim of ineffective assistance of trial counsel in conducting cross-examination of a police detective.

After concluding that we have jurisdiction to consider this appeal, we affirm the District Court's denial of Gooch's § 2255 motion.

**I.**

In 2007, Gooch was convicted of numerous crimes in connection with his involvement in the "M Street Crew" gang. Gooch appealed to this Court and his conviction was upheld. Gooch later filed a *pro se* motion under 28 U.S.C. § 2255 collaterally attacking his conviction on a number of grounds, all alleging ineffective assistance of counsel. This motion was denied by the District Court in a March 7, 2014 opinion. *See United States v. Gooch*, 23 F. Supp. 3d 32 (D.D.C. 2014).

On March 31, 2014, Gooch, acting *pro se*, submitted a filing to the District Court, entitled "Request for Extension of Time," asking the District Court to grant an "extension of time of 60-days to file a Certificate of Appealability." His request stated that, "[b]ecause Mr. Gooch is unlearned in the law, he will require more time to properly research and prepare his Certificate of Appealability" and requested "an extension of time of 60 days within which to file his

Certificate of Appealability."[1]  J.A. 174.  After receiving Gooch's filing, the District Court issued a certificate of appealability on April 3, 2014 with respect to Gooch's claim of ineffective assistance of trial counsel in conducting a cross-examination of a detective at trial.  The District Court construed Gooch's "Request for Extension of Time" as a motion for extension of time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(5)(A)(i) and granted "an extension to file within sixty days of this Certificate." J.A. 177.

In the midst of what the District Court later referred to as "downsizing, job sharing and sequestration," the Clerk's Office apparently failed to mail Gooch a copy of the District Court's certificate and order.  J.A. 212.  On January 26, 2015 – nearly 10 months after Gooch filed his "Request for Extension of Time" – Gooch filed a letter inquiring about the status of his earlier request.  The District Court construed this letter as a motion for extension of time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(5) or, alternatively, as a motion to reopen the time to appeal under Rule 4(a)(6).  In a January 28, 2015 Order, the Court denied the motion.

After filing additional motions with the District Court in February 2015, Gooch filed a motion for leave to appeal with this Court on April 27, 2015.  On June 15, 2015, the Government filed a motion to dismiss Gooch's appeal for lack of a certificate of appealability.

---

[1] Presumably, Gooch was referring to filing an *application* for a certificate of appealability, as the certificate itself is issued by the District Court.  *See* RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS 11(a).

## II.

We begin, as we must, with the question of whether we have jurisdiction to hear Gooch's appeal.

Under Rule 3 of the Federal Rules of Appellate Procedure, "[a]n appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4." FED. R. APP. P. 3(a)(1). Under Rule 4, in a civil case to which the United States is a party, a notice of appeal is considered timely if it is filed "within 60 days after entry of the judgment or order appealed from."[2] FED. R. APP. P. 4(a)(1)(B). The timely filing of a notice of appeal is "mandatory and jurisdictional"; no appeal can be heard unless the requirements for filing a notice of appeal have been met. *United States v. Palmer*, 296 F.3d 1135, 1143 (D.C. Cir. 2002) (quoting *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 264 (1978)).

Gooch made only one filing in the 60 days following the District Court's denial of his § 2255 motion: his "Request for Extension of Time." Although this document was not styled as a notice of appeal, it nonetheless may satisfy Rule 3 if it is the "functional equivalent" of what the rule requires. *Smith v. Barry*, 502 U.S. 244, 248 (1992). In order to serve as the "functional equivalent" of a notice of appeal, the document must contain the contents required by Rule 3(c) and "specifically indicate the litigant's intent to seek appellate review." *Id.* at 248-50.

---

[2] Appeals of § 2255 motions are governed by Rule 4(a), which applies to civil cases, rather than Rule 4(b), which applies to criminal cases. *See United States v. Palmer*, 296 F.3d 1135, 1142-43 (D.C. Cir. 2002).

Rule 3(c)(1) contains three requirements, each of which is satisfied or excused in this case. First, the filing must "specify the party . . . taking the appeal by naming each one in the caption or body of the notice." FED. R. APP. P. 3(c)(1)(A). The "Request for Extension of Time" identified Gooch in the caption and therefore meets this requirement. Second, the filing must "designate the judgment, order, or part thereof being appealed," FED. R. APP. P. 3(c)(1)(B), which was accomplished by the document's explicit reference to the District Court's denial of Gooch's § 2255 motion on March 7, 2014. While the "Request for Extension of Time" does not "name the court to which the appeal is taken," – which is the third and final requirement, FED. R. APP. P. 3(c)(1)(C) – failures to meet this requirement are excused where there is only one court to which the appeal can be taken, which is the case here. *See Anderson v. District of Columbia*, 72 F.3d 166, 168-69 (D.C. Cir. 1995) (per curiam).

The remaining question is whether the "Request for Extension of Time" sufficiently expresses an intent to appeal. Gooch's filing contained the following statements and request:

> 1. On March 7, 2014, this Honorable Court denied Mr. Gooch's motion pursuant to 28 U.S.C. § 2255. In its denial, the Court did not hold that it would not issue a Certificate of Appealability. He has 14 days to file COA.

> 2. Because Mr. Gooch is unlearned in the law, he will require more time to properly research and prepare his Certificate of Appealability.

> WHEREFORE, for the foregoing reasons, in the interest of justice and principles of equity and

fairness, Mr. Gooch respectfully requests that this Honorable Court GRANT an extension of time of 60 days within which to file his Certificate of Appealability.

J.A. 174.

Although the document refers to Gooch preparing and filing "his Certificate of Appealability," it appears to mean an *application* for a certificate of appealability because the certificate itself is prepared and issued by the court. *See* RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS 11(a) ("The *district court* must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." (emphasis added)). In his filing, Gooch notes that the District Court "did not hold that it would not issue a Certificate of Appealability," and requests additional time "within which to file his Certificate of Appealability" because "he will require more time to properly research and prepare his Certificate of Appealability." These statements clearly evince Gooch's intent to obtain a certificate of appealability. As the only purpose of such a certificate is to pursue an appeal, Gooch's intent to pursue an appeal can reasonably be inferred from his intent to file an application for the certificate.

This inference is in line with the Supreme Court's instruction to "liberally construe" the notice of appeal requirement of Rule 3. *Smith*, 502 U.S. at 248. We also must liberally construe documents filed *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, our conclusion is consistent with decisions of other Courts of Appeals that have found that a request for an extension of time to file an application for a certificate of appealability can serve as the functional equivalent of a notice of appeal where an intent to

appeal can be reasonably inferred from the request. *See Clark v. Cartledge*, 829 F.3d 303, 306-07 (4th Cir. 2016); *Rountree v. Balicki*, 640 F.3d 530, 536 (3d Cir. 2011); *Wells v. Ryder*, 591 F.3d 562, 565 (7th Cir. 2010).

The Government asserts that a motion for extension of time in which to apply for a certificate of appealability can never qualify as the functional equivalent of a notice of appeal, because "[t]hey are governed by wholly separate provisions – one by 28 U.S.C. § 2253 (the Antiterrorism and Effective Death Penalty Act), and the other by the Federal Rules of Appellate Procedure." Appellee Br. 16. The Government cites no authority in support of this contention and, as noted above, it directly contradicts the decisions of the other Courts of Appeals to have considered this question. The Supreme Court's instruction in *Smith v. Barry* was clear: "the notice afforded by a document, not the litigant's motivation in filing it, determines the document's sufficiency as a notice of appeal." 502 U.S. at 248. Gooch's motivation in filing the "Request for Extension of Time" – his desire to obtain an extension to apply for a certificate of appealability under AEDPA – is irrelevant. Instead, we look to whether than document affords notice of his intent to appeal. The Government's position elevates form over substance and has nothing to commend it.

We therefore find that Gooch's "Request for Extension of Time," which was filed within the time period specified by Rule 4, constitutes the functional equivalent of a notice of appeal. Accordingly, because the District Court issued a certificate of appealability as to Gooch's claim of ineffective assistance of counsel in cross-examining a witness, we have jurisdiction under 28 U.S.C. § 2253(a) to consider the merits of his appeal.

## III.

The standard we apply in considering ineffective assistance of counsel claims was articulated in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* at 687. In sum, the defendant must show both that counsel's performance was deficient and that the defendant suffered prejudice.

At Gooch's trial, defense counsel cross-examined a police detective about why Gooch had ceased frequenting an area where he was typically seen:

> Q. [Gooch] use[d] to be out there all the time until he became wanted but he was down there every day all the time 18th and M, right in those four blocks, right?

A. Yes.

Q. Now that's a bit different from disappearing from some shooting in the alley[,] isn't it?

A. No.

Q. Why not?

A. Because he shot the people, they put a warrant out for him and he disappeared.

Trial Tr. 48:5-14 (Feb. 21, 2007, a.m. session), J.A. 139.

Gooch claims on appeal that the open-ended question employed by defense counsel – "Why not?" – constitutes deficient performance. It may be that the testimony of the police officer that Gooch "shot the people" was the result of an improvident question by Gooch's defense counsel. However, separate from the question of whether counsel's performance was deficient, Gooch bears the burden of affirmatively showing prejudice – that is, "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. For these purposes, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "If the defendant fails to demonstrate prejudice, we may affirm the conviction without deciding whether counsel's performance was deficient." *United States v. Udo*, 795 F.3d 24, 30 (D.C. Cir. 2015).

Gooch has not carried his burden of demonstrating prejudice. The evidence tying Gooch to the murders of Calvin Cooper and Yolanda Miller was substantial and likely

had a much greater influence on the jury than this single, fleeting remark made by the testifying detective during the three-month-long trial. As we noted when this case was before us on direct appeal, two individuals – a fellow gang member and a police officer – witnessed Gooch fleeing the scene of the murders. *Gooch*, 665 F.3d at 1323. The murder weapon was later retrieved from near the crime scene and Gooch's fingerprint was found on it. *Id.* In fact, Gooch confessed to the murders, telling one gang member that he had killed Cooper and telling another that he had killed both Cooper and Miller. *Id.* The evidence at trial also established a motive for the murders – "the 'word on the street' was that Cooper and Miller were 'snitching' and 'stealing stashes'" – and Gooch's role as the "muscle" for the gang "enforcing the gang's rules, engaging in violence, and punishing disloyalty to the gang." *Id.* at 1322-23.

Against the backdrop of this evidence, Gooch has not shown "a reasonable probability" that the result of his trial would have been different without the allegedly deficient open-ended questioning by defense counsel on cross-examination. As a result, Gooch's claim of ineffective assistance of counsel must be rejected.[3]

---

[3] Section 2255(b) requires an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The District Court concluded that Gooch is not entitled to relief and did not hold an evidentiary hearing. Especially where, as here, "the judge deciding the section 2255 motion also presided at petitioner's trial, the [trial] court's decision not to hold a hearing is 'generally respected as a sound exercise of discretion.'" *United States v. Toms*, 396 F.3d 427, 437 (D.C. Cir. 2005) (quoting *United States v. Morrison*, 98 F.3d 619, 625 (D.C. Cir. 1996)). We see no abuse of

11

\*\*\*

For the foregoing reasons, we affirm the District Court's decision denying Gooch's § 2255 motion.

*So ordered.*

---

that discretion here. Accordingly, Gooch is not entitled to an evidentiary hearing.